IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY TUMORRIS HILL,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Lieutenant MERRELL, *et al.*,  )<br>)<br>)<br>Defendant.  )<br>) | CIVIL ACTION NO. 5:19-CV-449 (MTT) |

**ORDER**

Defendants Merrell and Daughtry move to enforce the settlement agreement previously reached with Plaintiff Anthony Tumorris Hill, and Hill moves for a counteroffer. For the reasons discussed below, the defendants' motion (Doc. 25) is **GRANTED**, and Hill's "Motion for Counter Offer" (Doc. 29) is **DENIED**.

**I.   BACKGROUND**

In this 42 U.S.C. § 1983 action, Anthony Hill alleges that Dooly State Prison officers used excessive force when Hill was tasered during a "safety drill." Doc. 1. After the incident, Hill alleges that he woke up in cold sweats and experienced headaches and back pain. *Id*. at 5. Hill seeks compensatory damages, injunctive relief, and attorney's fees. *Id*. at 6. The Magistrate Judge recommended that Hill's excessive force claims against Defendants Merrell and Daughtry proceed for further factual development, and the Court adopted the Magistrate Judge's Recommendation. Docs. 13; 16. After the discovery and dispositive motions deadline passed, no motions were filed, so the Magistrate Judge ordered the parties to certify that discovery was complete

and provide a status update and dates for a pretrial conference.  Doc. 18.  On March 23, 2021, the defendants reported that the parties had settled.  Doc. 19.  On March 24, the Magistrate Judge ordered the parties to submit "jointly-signed documentation of settlement within fourteen (14) days."  Doc. 20.  With no response from either party, the Magistrate Judge again ordered the submission of jointly-signed settlement documentation within fourteen days and notified them that a pretrial conference date would be set if the parties failed to comply.  Doc. 21.  On April 22, 2021, the defendants reported to the Court that "despite being provided multiple opportunities, [Hill] refused to sign the [settlement] documents."  Doc. 22.  The defendants were then ordered to "file a motion to enforce the alleged settlement agreement and exhibits" within ten days.  Doc. 24.  Hill was ordered to respond to the defendants' motion within fourteen days.  *Id*.

The defendants then filed a "Motion for Settlement Enforcement" and attached a copy of the settlement documents on April 29, 2021.  Docs. 25; 25-1.  In response, Hill submitted a "Motion for Counter Offer," in which Hill argued that during settlement discussions, he was in an "altered mindstate due to [his] medications and was unaware of the terms and conditions that [he was] agreeing to."  Doc. 29 at 2.[1]  On May 19, the Court ordered the defendants to "reply and submit an affidavit that includes all evidence upon which they rely to enforce the settlement within fourteen days."  Doc. 28.  The defendants timely responded to the Court's Order and filed, under seal, Hill's medical records.  Docs. 30; 31; 32.  But after a review of the medical records, it was determined

---

[1] Hill's first motion for a counteroffer was unsigned, so he refiled a signed copy of the motion on May 20, 2021.  Docs. 27; 29.  The refiled motion was postmarked May 25.  Doc. 29-1.

that the defendants had not completely complied with the Court's instructions. Doc. 34.[2] The records listed Hill's medications, but they did not include treatment records or detailed information about the medications. *Id*. at 1. Still, because it was Hill who asserted that the medications altered his mental state, the Court, in an Order restricted to case parties, ordered Hill to provide evidence within fourteen days concerning the medications' effect on his mental capacity and Hill's ability to contract. *Id*. at 2. The defendants were given fourteen days to respond to any evidence Hill provided. *Id*. Hill failed to comply with the Court's instructions, but the defendants provided detailed information concerning each of Hill's medications through documents restricted to case parties. *See generally* Docs. 35; 35-1; 35-2; 35-3.

## II.  DISCUSSION

Federal courts are governed by state law when construing parties' settlement agreements. *Meeks v. Newcomb*, 822 F. App'x 865, 866 (11th Cir. 2020) (citing *Ins. Concepts, Inc. v. W. Life Ins. Co.*, 639 F.2d 1108, 1111-12 (5th Cir. 1981)).[3] In Georgia, "settlement agreements are highly favored under the law and will be upheld whenever possible." *Am. Academy of General Physicians, Inc. v. LaPlante*, 340 Ga. App. 527, 530, 798 S.E.2d 64, 68 (2017). "[A]n agreement in settlement of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985) (citing *McKie v. McKie*, 213 Ga. 582, 583, 100 S.E.2d 580, 582-83 (1957)). "Thus, there must be a meeting of the minds between

---

[2] In this Order, which is restricted to the parties, the Court discussed the three medications prescribed to Hill. Doc. 34. None were prescribed for emotional or mental conditions, and "[n]othing in the package inserts for these medications suggests any side effects that alter one's mental state." *Id*. at 2.

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

the parties as to the terms of the contract."  *Id*. (citing O.C.G.A. § 13-3-2); *see also Cox Broad. Corp. v. Nat'l Collegiate Athletic Ass'n*, 250 Ga. 391, 395, 297 S.E.2d 733 (1982).  "Assent to the terms of the agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely."  *Id*. (citing *Smith v. Hornbuckle*, 140 Ga. App. 871, 875, 232 S.E.2d 149, 153 (1977)).

"Oral settlement agreements are enforceable if their existence is established without dispute, but 'where the very existence of the agreement is disputed, it may only be established by a writing.'"  *Reichard v. Reichard*, 262 Ga. 561, 564, 423 S.E.2d 241, 243 (1992) (quoting *LeCroy v. Massey*, 185 Ga. App. 828, 829, 366 S.E.2d 215 (1988)).  "The writing requirement may be satisfied by letters or documents prepared by the attorneys showing the terms of the agreement."  *Superglass Windshield Repair, Inc. v. Mitchell*, 233 Ga. App. 200, 202, 504 S.E.2d 38, 40 (1998) (citations omitted).

Parties are presumed to be of sound mind when entering a contract; however, that presumption may be rebutted with the party asserting incapacity bearing the burden of proof.  *Kindred Nursing Centers Limited Partnership v. Chrzanowski*, 338 Ga. App. 708, 713-14, 791 S.E.2d 601, 605-06 (2016); *Nelson v. State Farm Life Ins. Co.*, 178 Ga. App. 670, 672, 344 S.E.2d 492, 494 (1986).  "In order to void a contract on the ground of mental incapacity of the maker, he must have been *non compos mentis*, that is, entirely without understanding, at the time the contract was executed."  *Nelson*, 178 Ga. App. at 672 (quoting *Jones v. Smith*, 206 Ga. 162(8a), 56 S.E.2d 462 (1949)).  "Further, even proof of a temporary loss of sanity or competency would create no presumption that it continued up to the time of execution of the contract, and the burden

remains on the party alleging incapacity to show such incapacity at the very time of the transaction." *Id*. (citation omitted).

The defendants argue that Hill "agreed to release and dismiss all claims against [d]efendants in consideration of payment in the amount of $1,000." Doc. 25 at 4. The defendants further assert that their March 23, 2021 notice of settlement and attached settlement papers "establish the existence of an agreement." Docs. 19; 25 at 4; 25-1 (citing *Scott v. Carter*, 239 Ga. App. 870, 872, 521 S.E.2d 835, 837 (1999)). According to the defendants, Hill "gave permission to notify the Court of the settlement," and "[Hill's] assent can be implied from the fact that he has not objected to the notice of settlement." *Id*. Now, instead of signing the agreement, the defendants contend that Hill wants the Court to "set aside the existing settlement agreement and reopen negotiations with an eye towards a settlement 35 times larger than the amount to which [Hill] admits the parties 'verbally agreed.'" Doc. 30 at 1.

Concerning Hill's mental state, the defendants assert that Hill's motion for a counteroffer "is the first time in this case that [Hill] has claimed that he takes medication and that the medication rendered him incompetent to handle any aspect of this case." *Id*. During a December 16, 2020 video deposition, the defendants say that Hill "did not express any confusion or exhibit any difficulties understanding the questions." Docs. 30 at 2; 30-1 ¶¶ 1-2. Hill also responded "no" when asked if he experienced "other health troubles beyond those described in his lawsuit." Doc. 30-1 ¶ 3. When the parties spoke again in a March 22, 2021 video conference, the defendants contend that Hill "exhibited the same mental state that he had during his deposition" and that Hill did not "express

any confusion or exhibit any difficulties understanding the settlement negotiations which culminated with a verbal settlement agreement." Docs. 30 at 2; 30-1 ¶¶ 5-6.

The defendants argue that during an April 19, 2021 video conference, Hill affirmed the March 22 agreement but "refused to sign the settlement paperwork because he 'wanted a trial.'" Docs. 30 at 2; 30-1 ¶ 8. At no point, the defendants argue, did Hill say that his "medication … altered his mental state on March 22, 2021." Docs. 30 at 2; 30-1 ¶ 8. According to the defendants, Hill "exhibited the same mental state, and was lucid in all respects, during his interactions with [d]efendants' counsel on December 16, 2020, March 22, 2021, and April 19, 2021." Docs. 30 at 2-3; 30-1 ¶ 9. Finally, the defendants contend that Hill's medical records establish that he was "prescribed the same medications in December 2020 as [Hill] was taking when he agreed to the settlement on March 22, 2021," and that Hill "cannot undo his settlement agreement now based on a recently-made claim that his mental state was 'altered' on March 22, 2021." Docs. 30 at 3; 30-1 ¶ 10.

The defendants are correct on all counts. The parties formed a settlement agreement on March 22, 2021, and the terms of that agreement are unambiguous. Doc. 25-1. Moreover, Hill has failed to prove incapacity at the moment he agreed to the settlement.

Among the agreement terms, Hill agreed to release the defendants from all claims "stemming from the incidents alleged in Anthony Tumorris Hill v. Lt. Merrell et al, case # 5:19-cv-449" in exchange for a "payment in the amount of one thousand dollars ($1,000.00)" to either Hill or the party of his choosing. Doc. 25-1 at 2-3, 10-11. Moreover, Hill's "Motion for Counter Offer" establishes the existence of the underlying

agreement *and* the payment he was due to receive.  Doc. 29.  According to Hill, he "*initially agreed verbally* to the payment of $1,000.00" but found the amount "insufficient" after being informed that "[f]uture medical expenses and counseling would not be covered."  Doc. 29 at 1 (emphasis added).  He does not allege that he was misled about the terms of the agreement; he just changed his mind.  Thus, the record supports the conclusion that the parties entered into a binding settlement agreement.

Finally, Hill's medical records, the veracity of which he does not dispute, establishes that he was prescribed three medications at the time of the parties' March 22, 2021 agreement.  Contrary to Hill's assertions, nothing in the detailed information provided to the Court mentions the medications causing an "altered mindstate," confusion, or any adverse reactions that would affect Hill's mental capacity to enter into a settlement agreement.[4]  Hill has failed to prove incapacity at the moment of contract; therefore, any argument that Hill was in an "altered mindstate due to [his] medications" is without merit.  Doc. 29 at 2.

In sum, whatever dissatisfactions Hill may have had with the settlement agreement do not preclude the conclusion that the parties formed an enforceable settlement agreement.

---

[4] The Court's conclusion is limited to Hill's claims that his medications placed him in an "altered mindstate."  Thus, the Court does not draw the conclusion that Hill does not experience *any* side effects from his three medications.

## III. CONCLUSION

For the reasons discussed above, the defendants' motion to enforce the settlement (Doc. 25) is **GRANTED**, and Hill's "Motion for Counter Offer" (Doc. 29) is **DENIED.**

**SO ORDERED**, this 30th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
